July 17, 1889.   *J. T. Johnson*, for appellant.   *E. B. Gary*, contra.

No. 2475.   HODGES *v.* TARRANT.   April Term, 1889.   In this case the court *held,*—

1. That where the answer puts in issue who constituted a partnership and who are its survivors, these facts may be proved by a member of the firm or by any other person.

2. Facts which are not stated, except in the exceptions, are not to be considered by this court.

3. Where a verbal order for goods is taken down by a travelling salesman in his order book, and a copy written out and forwarded to the sellers, the copy received by the sellers is higher evidence of the sale than the memorandum in the order book.

4. And if, upon looking at such order, the salesman's memory is refreshed as to the facts, he may testify to the sale as made by him.

5. The fact that the salesman wrote down the order as verbally given to him by the buyer, does not make it the buyer's written order, so that the sale could not be proved by parol.

6. Where a debtor makes a written calculation, thereby ascertains the balance due by him, and verbally admits his indebtedness for such amount, his admission may be proved without the production of the written calculation.

7. In action on an open account, credits thereon are matters of defence, and the plaintiff's books are not necessary to their proof as the highest evidence; he may prove them by parol. Judgment affirmed.   OPINION by MR. JUSTICE McIVER, July 17, 1889.

No. 2479.   WYLIE *v.* LIPSEY.   April Term, 1889.

In action for foreclosure of a mortgage, the complaint was not so framed as to call for or warrant any adjudication of the nature or extent of the mortgagor's interest in this land; but others, parties, were permitted to come in, who claimed an interest therein. The Circuit Judge (Hudson) passed upon those interests, and held that the mortgagor had a mortgageable interest, but that the mortgage could not affect the fee nor disturb the trusts, but that her beneficial interest, present and contingent, is all that could be

mortgaged. The additional defendants appealed, claiming a more extensive interest than that which the Circuit decree declared. *Held*, that the Circuit Judge was correct in passing upon the right of the mortgagor to execute a mortgage, but having reached that conclusion (from which there is no appeal), the nature and extent of the mortgagor's interest were not material to any issue raised in the pleadings, and their adjudication now would be premature. Whatever the interest was that the mortgagor had, that interest only will be sold under the decree of foreclosure. Judgment affirmed without prejudice. OPINION by MR. JUSTICE McIVER, July 20, 1889. *G. W. Gage*, for appellant. *S. P. Hamilton*, contra.

No. 2504. STATE *ex rel.* THE RAILROAD COMMISSIONERS *v.* RAILROAD COMPANY. April Term, 1889. This was an application for a writ of mandamus to require the respondent to join its track with that of another railroad company, as required by statute. After the hearing, the tracks were connected together. Thereupon, and for this reason, the proceedings were dismissed PER CURIAM December 4, 1889.

40—31